

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00102-CR

MATTHEW CHICO JEFFRIES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,555-B, Honorable John B. Board, Presiding

August 12, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Matthew Chico Jeffries, entered a plea of guilty to the offense of assault on a family member[1] pursuant to a plea agreement. As agreed to, the trial court found the evidence sufficient to find appellant guilty of the indicted offense but did not enter a finding of guilt. Instead, the trial court placed appellant on deferred adjudication community supervision for a period of five years. Thereafter, the State filed an original

---

[1] See TEX. PENAL CODE ANN. § 22.01(a), (b)(2) (West Supp. 2015).

and amended motion to revoke appellant's community supervision and adjudicate him guilty of the indicted offense.

At the hearing on the State's amended motion to adjudicate, appellant entered pleas of "True" to four of the allegations contained in the State's amended motion. The trial court found that the allegations were "True" and convened a hearing on the issue of punishment. After receiving the evidence regarding punishment, the trial court sentenced appellant to serve seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant has appealed the trial court's judgment adjudicating him guilty and the punishment assessed. We will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that he has provided appellant with a motion to acquire a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has filed no response.

By his *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.

Mackey K. Hancock
Justice

Do not publish

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.